```
                    IN THE UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA           ) Greensboro, North Carolina
                                   ) October 25, 2023
    vs.                            ) 9:37 a.m.
                                   )
MARIAN HUDAK,                      )
                                   ) Case No. 1:23CR231
    Defendant.                     )
_____)


                     TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.
                     UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Government:    JOANNA G. MCFADDEN
                       ASHLEY E. WAID
                       OFFICE OF THE U.S. ATTORNEY
                       101 S. EDGEWORTH STREET, 4TH FLOOR
                       GREENSBORO, NORTH CAROLINA 27401

                       DANIEL GRUNERT
                       DOJ-CRT
                       950 PENNSYLVANIA AVE NW
                       WASHINGTON, DC  20530

For the Defendant:     EUGENE E. LESTER, III
                       SHARPLESS & STAVOLA, P.A.
                       P.O. BOX 22106
                       GREENSBORO, NORTH CAROLINA 27420




Court Reporter:    Joseph B. Armstrong, FCRR
                   324 W. Market, Room 101
                   Greensboro, NC  27401

         Proceedings reported by stenotype reporter.
    Transcript produced by Computer-Aided Transcription.
```

PROCEEDINGS

(At 9:37 a.m., proceedings commenced.)

(Defendant present.)

**THE COURT:** Ms. McFadden, good morning.

**MS. McFADDEN:** May it please the Court, the first matter on for today is United States verse Marian Hudak. That's Docket No. 1:23CR231-1. Mr. Hudak is present. He's represented by Ms. Clough and Ms. Costner.

If I could also introduce to the Court my colleague at the table with me. This is Daniel Grunert. He's with the Civil Rights Division in Washington, DC, and he is also counsel on this matter.

**MR. GRUNNER:** Good morning, Your Honor.

**THE COURT:** Could you repeat your name again? Ms. McFadden sometimes gets rolling along fast, and I couldn't understand.

**MR. GRUNNER:** Daniel Grunert, G-R-U-N-E-R-T.

**THE COURT:** Mr. Grunert, welcome to the Middle District.

**MR. GRUNNER:** Thank you.

**MS. McFADDEN:** And, Your Honor, the matter has been calendared for a hearing on counsel's motion to withdraw, and I believe there's also an interpreter present.

**THE COURT:** All right. Let's deal with the interpreter first. Good morning.

1    **THE INTERPRETER:** Good morning, sir.

2    **THE COURT:** And just out of curiosity. I've seen
3    Slovak and Slovakian. What's the language?

4    **THE INTERPRETER:** It's Slovak.

5    **THE COURT:** All right. I will ask Ms. Daniel to
6    administer the oath to you at this time.

7    (At 9:38 a.m., interpreter sworn by the Clerk.)

8    **THE COURT:** All right. Ms. Clough and Ms. Costner,
9    good morning.

10   **MS. COSTNER:** Good morning, Your Honor.

11   **THE COURT:** Whoever wants to take lead certainly can.
12   For some reason, I left the written motion to withdraw
13   upstairs, but I don't need it. So, the motion recites a lot of
14   the work that's been done up to this point, preparation for
15   trial. And then it recites that Mr. -- is it Hudak?

16   **MS. COSTNER:** Hudak, Your Honor.

17   **THE COURT:** Mr. Hudak's sister contacted counsel and
18   said that he wants new lawyers, and then goes on into
19   explaining that communication has deteriorated since then.

20   You know --

21   **MS. COSTNER:** Your Honor, I think he's upset. It was
22   his daughter, not his sister.

23   **THE COURT:** I'm sorry, his daughter. My apologies.
24   But his daughter contacted, and, as you know, I appreciate the
25   fact that the daughter contacted counsel, but the daughter

Motion Hearing - October 25, 2023

1 doesn't -- I'm not going to abide by the daughter's wishes in
2 terms of counsel for Mr. Hudak. And just simply saying
3 communication has deteriorated, I'm not exactly sure what that
4 means. So anything you want to add to your motion --
5     **MS. COSTNER:** Yes, Your Honor.
6     **THE COURT:** -- or want to be heard further?
7     **MS. COSTNER:** When we received the email from
8 Mr. Hudak's daughter, we did file the motion. We also met with
9 Mr. Hudak, who has made it abundantly clear -- in fact, we've
10 met with him twice now -- or three times, he is -- in order to
11 deliver documents to him each time, but he's made it extremely
12 clear, very clear, that he no longer wishes for Ms. Clough and
13 I to represent him any further.
14     His communication is basically consisted of making
15 that known and affirming when the motion would be heard.
16     **THE COURT:** Mr. Hudak, I mean, the duty -- the
17 Constitution requires that we provide him counsel. How he
18 chooses to use counsel is up to him, and so I don't
19 understand -- I won't say I don't understand, maybe it's better
20 said that if he chooses not to cooperate with counsel, what's
21 to say he won't make the same choice with subsequent counsel?
22     **MS. COSTNER:** Your Honor, of course, we --
23     **THE COURT:** All right. Hold on a second. Let me do
24 this. Just have a seat, Ms. Costner.
25     (Discussion off the record.)

Motion Hearing - October 25, 2023

1 **THE COURT:** All right. Ms. Cockrell, I've had this
2 happen before. I don't know how much experience you have in
3 terms of interpreting in the courtroom. But ordinarily, when
4 I'm talking, the interpreter's simultaneously translating, and
5 I'm assuming that Mr. Hudak understands some English, and so
6 I'm not exactly sure what's going on, but I want to make sure
7 that the interpretation is simultaneous. But if it's not
8 necessary because Mr. Hudak understands what's going on, I need
9 to address that, too, since you're here.

10 **THE INTERPRETER:** Your Honor, my apologies. I should
11 have told you right away. Mr. Hudak advised me that he
12 understands English well and he does not require interpreting,
13 which I would normally provide simultaneously exactly like you
14 described. I've been doing it for 30 years.

15 **THE COURT:** I understand.

16 **THE INTERPRETER:** And he says that when he responds,
17 he also prefers to speak in English. But if he needs some
18 help, I am here.

19 **THE COURT:** Okay. Fair enough. Then that kind of
20 changes things just a little bit. So, Mr. Hudak, I'm going to
21 ask you to stand up and I'm going to address this issue,
22 because I think we need to make it clear. I guess, since we're
23 talking about an interpreter, if you'll raise your right hand
24 and be affirmed.

25 (At 9:43 a.m., Defendant sworn by the Clerk.)

```
 1              THE COURT:  All right.  Let me ask you some
 2   preliminary questions since I've placed you under oath.  Would
 3   you state your full name, please, sir?
 4              THE DEFENDANT:  Marian Hudak.
 5              THE COURT:  And how old are you, Mr. Hudak?
 6              THE DEFENDANT:  Sixty-two.
 7              THE COURT:  How far did you go in school?
 8              THE DEFENDANT:  Oh, I finished high school with a
 9   profession in Slovakia.
10              THE COURT:  Okay.  And how long have you lived in the
11   United States?
12              THE DEFENDANT:  Thirty years.
13              THE COURT:  And are you a naturalized citizen?
14              THE DEFENDANT:  Yeah, I'm Slovak citizen and American
15   citizen, US citizen.
16              THE COURT:  Both.  Are you currently under the
17   influence of any drug, medication, or alcoholic beverage of any
18   kind?
19              THE DEFENDANT:  No.
20              THE COURT:  Have you been treated?
21              THE DEFENDANT:  I'm taking medication, but no drugs
22   or alcohol or nothing.
23              THE COURT:  Okay.  Do you know what the medication is
24   that you're taking?
25              THE DEFENDANT:  Yes, sir.
```

1    **THE COURT:** Would you -- do you mind telling me what
2 it is?  Or I'll ask it this way.  Is there anything about the
3 medication you're taking that affects -- that would affect your
4 ability --
5    **THE DEFENDANT:** No.
6    **THE COURT:** -- to understand me or this proceeding?
7    **THE DEFENDANT:** No, no, sir.
8    **THE COURT:** All right.  And are you able -- let's
9 see.  Have you been treated recently for any mental illness or
10 addiction to narcotic drugs?
11    **THE DEFENDANT:** No, no, sir.
12    **THE COURT:** And are you able to understand me and
13 this proceeding?
14    **THE DEFENDANT:** Yes.
15    **THE COURT:** Okay.  So as it just became clear, it
16 does appear that you speak English well, and just on occasion,
17 something -- I may say something that you don't understand
18 or -- and you need some help with.
19    **THE DEFENDANT:** Yes.
20    **THE COURT:** My preference would be that Ms. Cockrell
21 simultaneously translate because it sounds as though English is
22 your second language, and you very clearly understand Slovak.
23 Do you understand what I've said so far?
24    **THE DEFENDANT:** Yes, sir.
25    **THE COURT:** Because I want to make sure you don't

miss anything, right?

**THE DEFENDANT:** Okay. Thank you.

**THE COURT:** So -- but unless counsel convinces me otherwise, I have, in the past, used an interpreter for standby purposes such that the -- if the individual defendant didn't understand something, they could turn to the interpreter and get an immediate translation of what had been said.

**THE DEFENDANT:** Yes.

**THE COURT:** But that's got to be your choice. If you ask me to enter an order, I'm going to order Ms. Cockrell to simultaneously translate. But because you speak English, if I were in your shoes, I'd prefer to listen in English and just make sure that I catch -- that if I don't understand something, I have somebody on standby who can explain it to me. Is that fair?

**THE DEFENDANT:** Yes.

**THE COURT:** Now, if you choose to do that, it's your responsibility to let Ms. Cockrell or any other interpreter know that you didn't understand something and get an explanation immediately, not mine.

**THE DEFENDANT:** Yes, yes, Your Honor.

**THE COURT:** If you choose to go that route and you misunderstand anything, that's your problem, not mine.

**THE DEFENDANT:** Okay, yeah. I understand all that.

**THE COURT:** Okay. Ms. Cockrell, I've been impressed

1  with Mr. Hudak's ability to communicate in English.  And it
2  appears to me he's got a very good understanding of the
3  proceedings so far proceeding in this fashion.  So, unless
4  there's something you feel like I haven't covered here, I'm
5  going to leave it to you two for you to be on standby and
6  interpret or translate if something comes up if he asks you
7  about it.
8              **THE INTERPRETER:**  Yes, Your Honor.
9              **THE COURT:**  Okay.  Counsel want to be heard on that?
10             **MS. COSTNER:**  No, Your Honor. We would defer to
11 Mr. Hudak as far as his wishes with respect to an interpreter.
12             **THE COURT:**  All right.  Do you understand everything,
13 Mr. Hudak?
14             **THE DEFENDANT:**  Yes.
15             **THE COURT:**  All right.  Thank you, sir.  You may take
16 a seat.
17             All right.  Let's go back.  Where were we?  Let me
18 check.  Okay.  So I'd just posed a question relating to I can't
19 control how Mr. Hudak chooses to use the services of counsel.
20 That's up to him.  And if he doesn't cooperate with the two of
21 you, who, between the two of you, I think it's fair to make the
22 point you've got 30 plus years of experience in federal court.
23 Is that fair?
24             **MS. COSTNER:**  Yes, Your Honor.
25             **THE COURT:**  Ms. Clough is probably bumping up against

1  20?
2  **MS. CLOUGH:**  Yes, Your Honor.
3  **THE COURT:**  So 50 plus years of federal court
4  experience between the two of you, there's not many lawyers in
5  this district that have that level of combined experience in
6  federal court.  So if he won't cooperate with the two of you,
7  what is there to suggest that he would choose a different path
8  with new counsel?
9  **MS. COSTNER:**  Your Honor, of course, there are no
10 guarantees.  But both Ms. Clough and I do believe, based on our
11 communications with Mr. Hudak, that he would benefit from new
12 counsel.
13 Perhaps a different attorney, not Ms. Clough and I,
14 may be able to engender a more respectful, productive
15 communication with Mr. Hudak.  And, at this point it, is our
16 belief that the communication -- there's just been such an
17 utter breakdown in communication that we are not going to be
18 able to effectively represent Mr. Hudak.
19 Now, it may be new counsel may encounter the same
20 issues, but I suspect that new counsel might have a more
21 productive relationship with Mr. Hudak and a more respectful
22 relationship with Mr. Hudak.
23 **THE COURT:**  Um-hum.  You talk about a respectful
24 relationship with Mr. Hudak, I believe I know the two of well
25 enough, both in my time as a practicing attorney as well as a

judge, that that's a one-way street. I can't imagine you all wouldn't be respectful to Mr. Hudak. Does the Government wish to be heard on this?

**MS. McFADDEN:** Your Honor, we don't have anything to add to the Court's analysis or what Ms. Clough and Ms. Costner have represented to the Court.

I would just say that from our perspective, obviously, the work they've done is reflected in their filing, but we've also been reflected in our communications with them and their very thorough and diligent review of the file.

**THE COURT:** Okay. Well, in all candor, this is one -- I mean, here, Mr. Hudak is just all of a sudden -- I mean, this case -- let's see, I do have the docket sheet.

Mr. Hudak was arrested in June. Let's see. Warrant was returned on June 22. An initial appearance before Judge Peake. Then we go into July. In July, the case was continued to the October trial calendar. So, that's August, September, that's three months. Another motion to continue. And then a motion for a trial date certain was entered in October, and the case was set for trial on November 27, during the course -- during my criminal term.

So, there's been a lot of I don't know what. There's a real vagueness with respect for what has caused this current breakdown in the defendant's willingness to communicate and cooperate with counsel. I have some ideas, but I'm not going

to speculate out loud.  If my speculation ever turned out to be correct, I would find that very frustrating, at a minimum.

However, so, ordinarily, I would not grant the motion to withdraw.  But when I read the motion last week, I wasn't sure, and I contacted the magistrate judge to put -- to see if there could be new counsel at least available and ready to go in light of the trial date that has been established and pending for an extended period of time, and new counsel has been chosen.

So, out of respect and deference to Mr. Hudak's current counsel, both Ms. Clough and Ms. Costner, in recognition of their history of effective and very fine representation of their clients as well as candor toward the Court, I'm going to grant this one motion and allow counsel to withdraw.  Eugene Lester will be appointed to represent Mr. Hudak.  The magistrate judge selected him last week.

I'm going to forewarn Mr. Hudak, and make sure you understand this.  The Court's obligation is to appoint counsel to represent you.  You have that specific right under the Constitution of the United States.  But I don't have any ability to control how you utilize counsel in defending yourself in this matter.

If you want to play games with counsel, be difficult, or choose not to cooperate with counsel, I'm not running through every lawyer in the district.  And as far as I'm

1 concerned, you're very fortunate that I'm willing to consider
2 this this particular time.  But I've got control of this case.
3 Unless the parties wish to be heard, this case will remain on
4 the trial calendar for -- it's specifically set, is it
5 November 27?
6     **MS. McFADDEN:**  It is, Your Honor.  And that would
7 have been the only thing I would have said earlier is that we
8 would very much like to proceed on that trial date.
9     **THE COURT:**  We are.  This Court is planning to
10 proceed on that date.  This case is old already.  The public
11 and the defendant have an interest in a speedy trial, and this
12 thing has been around for far too long.
13     Ms. Clough and Ms. Costner, I assume it won't be --
14 well, I know you two, and it won't be a problem, but I will ask
15 you to get whatever you can to Mr. Lester as quickly as
16 possible so he will have time to prepare.
17     **MS. COSTNER:**  Yes, Your Honor, we will.
18     **THE COURT:**  And, Mr. Lester, as I understand it from
19 Magistrate Judge Peake, is willing to accept this appointment
20 with the date -- trial date in mind.  And there's plenty of
21 time to prepare to proceed for trial.
22     All right.  So the motion to withdraw is granted.
23 I'll enter a written order.  Mr. Lester's appointed.
24     Anything further from the Government?
25     **MS. McFADDEN:**  No, Your Honor.

1        **THE COURT:** Anything further from the defendant?

2        **MS. COSTNER:** No, Your Honor.

3        **MS. CLOUGH:** No, Your Honor.

4        **THE COURT:** All right. We'll be in recess. Wait, Ms. Cockrell, do we have interpreters for this trial date? Okay. I don't understand that there are many Slovak interpreters out there, so we're going to need some help.

8        **THE INTERPRETER:** Yes, Your Honor. The case manager, Ms. Williamson, she already inquired about starting from November 27, and I can also recommend a colleague if there are -- two interpreters are needed.

12        **THE COURT:** Well, if he's going to go with this hybrid, I'm pretty comfortable with just one.

14        **THE DEFENDANT:** And, Your Honor, I have a question, please.

16        **THE COURT:** All right. Everybody take a seat. Mr. Hudak, before you say anything else, you are represented by counsel. And even though I'm allowing them to withdraw, I'm appointing substitute counsel here. And if you choose to speak -- which means you have an absolute right to remain silent. If you choose to speak, anything you say can be used against you during your trial. Do you understand that?

23        **THE DEFENDANT:** Yeah, I understand.

24        **THE COURT:** All right.

25        **THE DEFENDANT:** But my question is that I have

1 writing about these two charges I was charged, everything,
2 exactly what happened.  And I have also evidence on my behalf
3 on my phone that Ms. Clough and Mr. Costner was hiding.  They
4 do not show this evidence.
5        **THE COURT:**  Okay.  You talk to your new lawyer about
6 that.
7        **THE DEFENDANT:**  And also --
8        **THE INTERPRETER:**  Mr. Hudak would like to know if the
9 documents that he has can be translated.
10       **THE DEFENDANT:**  It's very important, Your Honor.
11       **THE COURT:**  I'm sure that Mr. Lester will be able to
12 look at them and make arrangements for that.  As a matter of
13 fact, we'll give Mr. Lester Ms. Cockrell's card.  Well, if
14 you'll step forward -- have you got a card?
15       **MS. CLOUGH:**  I have some, Your Honor.
16       **THE COURT:**  Okay.  We'll make sure that Mr. Lester
17 has your contact information.
18       **THE INTERPRETER:**  Thank you, sir.
19       All right.  I feel like I'm forgetting something.
20 All right.  We'll be in recess.
21       (At 10:00 a.m., proceedings concluded.)

```
 1                          * * * * *

 2                       C E R T I F I C A T E

 3        I certify that the foregoing is a correct transcript
          from the record of proceedings in the above-entitled
 4        matter.

 5

 6
                          _____
 7                        Joseph B. Armstrong, FCRR
                          United States Court Reporter
 8                        324 W. Market Street
                          Greensboro, NC  27401
 9
                          Date: 08/16/2024
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Motion Hearing - October 25, 2023